WILLIAMS v. RESERVE FUND LIVE–STOCK INS. CO.

(Supreme Court, Appellate Term, First Department.    February 26, 1897.)

INSURANCE—NONPAYMENT OF PREMIUMS—NOTICE.

Proof of the sending of a notice calling for a premium, without showing the date for payment written thereon, does not authorize a forfeiture of the policy for failure to pay "within thirty days from the date written on the notice."

Appeal from district court.

Action by Joseph H. Williams against the Reserve Fund Live-Stock Insurance Company to recover on a policy of insurance. From a judgment entered on a decision of the trial justice in favor of defendant, plaintiff appeals.    Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William O. Gantz and Niles & Johnson, for appellant.

Thomas O'Callaghan, Jr., for respondent.

DALY, P. J.    The defendant is incorporated to insure live stock, and issued to plaintiff its policies upon several horses owned by him.    One of the horses died in July, 1896, and this action is to recover the sum insured by policy No. 15,037 upon the said horse. The policy ran for one year from September 23, 1895, and by its terms the insured was to pay an entrance fee of $3, and "quarterlies" for the mortuary and expense funds.    The policy contained the following clauses respecting the payment of the quarterlies:

"Second. That the insured shall pay in advance, within thirty days from and including the date written or printed upon the notice calling therefor, during the term aforesaid, to the company, quarterly premiums of above-named amount for the mortuary and expense funds.    Third. That, if a quarterly for the said mortuary and expense funds is not received by the treasurer of the company within thirty days from and including the date written or printed upon the notice calling therefor, as hereinbefore stated, then and thereupon this policy shall lapse and

become null and void, and all the insured's rights thereunder become forfeited to the company; nor shall a demand therefor nor notice of another quarterly be construed as or work a waiver of such lapse or forfeiture: provided, however, that this policy may be restored, at the option of the company, upon such terms and conditions as the insured and the company may agree upon. Fourth. That written or printed notices of premiums mailed to the P. O. address of the insured given in said application, or last given in writing by said insured to the secretary of the company, shall be a legal and sufficient notice, and that the certificate of the said secretary or general manager, or clerk employed in the office of the company, of the mailing of such notice, shall be conclusive and final evidence of the fact of mailing."

The defense was that the policy lapsed for the nonpayment of the quarterly dues on June 23, 1896. The nonpayment is conceded, but the service of the written notice required by the above clauses of the policy was denied. And it was also claimed that the default in the payment, if any, had been waived. The justice gave judgment for the defendant.

The question of fact litigated upon the trial was whether a notice calling upon the insured for the quarterly premium due on June 23, 1896, was mailed to him under the terms of the policy. There was evidence of the mailing of such notice on June 1st. The secretary of the company testified to an entry in the quarterly premium book made by him at that time, indicating that the notice had been prepared for mailing; and the bookkeeper of the company testified to the ordinary course of business in making out, addressing, prepaying, and mailing notices, which was pursued with respect to the notice to plaintiff sent on June 1, 1893. But it was not shown what date, if any, was written or printed upon the notice so mailed; and this was essential before the insured could be put in default, for by the terms of the policy he had 30 days from such date within which to pay the quarterly premium, and until the expiration of that time the policy could not be lapsed. On June 25, 1893, he received a second notice from the company, to the effect that his policy had lapsed for nonpayment of the premium due on the 23d; and on that date, or shortly after, an agent of the company called upon him, and the interview is described by the plaintiff as follows:

"Well, Mr. Hynard called my attention to the fact that the premium was due, and I told him that I would attend to it in a few days; that I was a little short of funds, as I was erecting a new stable. He said: 'Well, I just called out to see how you stood in the matter. I did not know whether you were going to keep up this quarterly or not.' He said: 'Well, if time is all you want, we will not push you.' Q. What did you say? A. I said: 'I am going back again.' I said: 'I will pay this year out, or pay this quarterly.'"

On cross-examination the plaintiff stated that he told Mr. Hynard he would send a check in a few days, and that Mr. Hynard replied:

"Very well, Mr. Williams, if time is all you want. We don't want to push anybody. We simply wanted to know where you stood in the matter."

Nothing in this interview can be construed into an admission that the plaintiff had received a proper notice under the policy, or that he waived his right to such a notice. For aught that appears in the record before us, he was not in default in any respect; and when his horse died, some 20 days afterwards, his policy was in

full force. The defendant, by its own terms and conditions, having prescribed that the policy was to be lapsed after 30 days from the mailing of a notice containing a date from which that period was to run, was bound to prove such a notice in order to put the plaintiff in default.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.